## BATES v. UNITED STATES.

### No. 11623.

Circuit Court of Appeals, Fifth Circuit.

June 13, 1946.

Will Ed Smith, of Eastman, Ga., and W. S. Mann, of McRae, Ga., for appellant.

Green B. Everitt, Asst. U. S. Atty., of Savannah, Ga., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

PER CURIAM.

Appellant was convicted on eight counts of an indictment charging possession and uttering of forged and counterfeited sugar stamps in violation of Section 72, Title 18, U.S.C.A., and on four counts charging accepting sugar without surrendering ration stamps or coupons in violation of regulations issued pursuant to the Second War Powers Act of 1942, 50 U.S.C.A.Appendix, § 631 et seq. He was sentenced generally on all the counts to five years imprisonment and to pay a fine of $1000, a sentence less

than that which could have been imposed on each of the Section 72 counts.

Appealing, he complains as error: (1) Of the refusal of the trial court to direct a verdict of not guilty; (2) of its refusal to give his requested charge as to defendant's duty to make reasonable investigation if he had reasonable cause to believe that the coupons were counterfeit and the effect upon his guilt or innocence of his failure to do so; and (3) of comments of the court that the jury could consider for what it was worth that on the occasion when he was found with a truck load of sugar, appellant was taking a circuitous route to reach the destination he testified he was bound for.

■■ It is quite plain that these assignments are without merit. The record not only furnishes ample support for the verdict, it convinces that no other verdict would have been right. If looked at as a case of circumstantial evidence alone, the actions of appellant, with his wholly implausible explanation of them, convicted him of guilty knowledge. But the case is not one of circumstantial evidence alone. There was in addition the testimony of the government officer that he had told appellant that the stamps were counterfeit, appellant's admission that he had, and that, notwithstanding this, he had continued as charged in the last three counts to possess and utter these counterfeit coupons. In this state of the record, defendant's requested charge was wholly inapplicable, for it went upon a supposition, which did not correspond to the facts, that the evidence was entirely circumstantial. It completely ignored the undisputed, the admitted, fact that appellant had been confronted with the stamps, had been told that they were counterfeit, and, notwithstanding, had continued to possess and use them. Finally, as to the complained of statement in the charge that appellant took a circuitous route, it is sufficient to say that no complaint was made of it, no request made for its correction, no exception taken to it. If, as appellant now suggests, the statement was a mistaken one of which we should take judicial knowledge, this is all the more reason for our not finding prejudicial error in its making since, if appellant's counsel had called the trial court's attention to it, it could and would have been corrected. Besides in view of the evidence as to defendant's greatly incriminating conduct and statements made on that occasion and of the evidence as a whole, it is quite plain that this comment, if erroneous, and in the state of the record we cannot say that it was, can not be regarded as having had prejudicial effect.

No reversible error appearing, the judgment is affirmed.